LEGISLATOR Doing BUSINESS WITH CITY The implementation of the contract between the corporation of which you are part owner and the City of Edmond would not constitute a violation of Article V, Section 23 of the Constitution of the State of Oklahoma. A member of the Legislature may legally do business with a city, town or local school board so long as neither his compensation nor the activity which generates such business is funded by appropriations from the state legislature. As to whether such doing of business under a specific factual situation not presently existing might constitute a violation of either Article V, Section 23 of the Oklahoma Constitution or of 74 O.S. 1409 [74-1409] (1971), cannot be determined prior to such a situation actually arising. The Attorney General has received your request for an opinion wherein you enclosed a certain contract between an Oklahoma corporation of which you are part owner and the City of Edmond, and wherein you ask the following questions: "1. In your opinion, will the implementation of the attached contract be a violation of Article V, Section 23 of the Constitution of the State of Oklahoma or any other State statute? "2. Can a member of the Legislature legally do business with a city, town or local school board so long as his compensation or the activity which generates the business is not funded by appropriations from the state legislature?" Article V, Section 23 of the Oklahoma Constitution provides in pertinent part as follows: ". . .nor shall any member, during the term for which he shall have been elected, or within two years thereafter, be interested, directly or indirectly, in any contract with the State, or any county or other subdivision thereof, authorized by law passed during the term for which he shall have been elected." Numerous opinions have been issued by this office construing this section as it applies to the propriety of members of the Oklahoma Legislature having business dealings with the State of Oklahoma. In this regard see Attorney General's Opinions Number 71-233, 72-288 and 72-292 which are more fully discussed below. The sum and gist of these opinions might well be summarized by saying that no such member can profit from a contract with the State. There is, however, no prohibition upon the legislator both contracting with and profiting from an arrangement with either a local city government or the federal government, as long as such contracts and the profits therefrom are not payable from state monies. In your opinion request you have stated that no such state monies are or will be involved in the contract between your corporation and the City of Edmond. It thus becomes apparent that there is no violation of Article V, Section 23 of the Constitution of the State of Oklahoma regarding the implementation of such contract and your first question is answered accordingly. This rationale would appear to likewise render an affirmative answer to your second question, but certain caveats must be kept in mind regarding the activity described therein. In this regard your attention is called to Attorney General's Opinion No. 71-233 which provides that: "It does not constitute an apparent conflict of interest or responsibility for an individual to serve as state senator and also as the attorney and legal adviser to a local school district, provided the state senator does not receive compensation for his work from funds appropriated by the state legislature, but must receive compensation from separate funds derived exclusively from forces other than legislative appropriations." as well as Attorney General's Opinion No. 72-228, which placed certain limitations on school principals becoming state legislators. See also Attorney General's Opinion No. 72-292 wherein this office found that: "It would be improper in view of the provisions of Article V, Section 23 of the Oklahoma Constitution for the wife of a member of the Oklahoma Legislature to lease property to the Department of Corrections of the State of Oklahoma." You should also be aware of the provisions of 74 O.S. 1409 [74-1409] (1971), which is the primary statute delineating what activities would constitute unethical behavior on the part of a legislator. In this regard see the Attorney General's opinion issued on October 4, 1963, to the Honorable Scott Tuxhorn, which rendered a comprehensive interpretation of this section, and has been considered with approval by the Oklahoma Supreme Court in the case of State of Oklahoma ex rel. Settles v. McCurtain County, Okl., 389 P.2d 356 (1964). It is apparent that a member of the Legislature may legally do business with a city, town or local school board so long as neither his compensation nor the activity which generates such business is funded by appropriations from the state legislature. As to whether a particular instance of a legislator's doing business might constitute a violation of either Article V, Section 23 or 74 O.S. 1409 [74-1409] (1971), would be dependent upon the specific fact situation involved therein. In response to your first question, it is the opinion of the Attorney General that the implementation of the contract between the corporation of which you are part owner and the City of Edmond would not constitute a violation of Article V, Section 23 of the Constitution of the State of Oklahoma. It is further the opinion of the Attorney General that your second question be answered as a conditional affirmative in that a member of the Legislature may legally do business with a city, town or local school board so long as neither his compensation nor the activity which generates such business is funded by appropriations from the state legislature. As to whether such doing of business under a specific factual situation not presently existing might constitute a violation of either Article V, Section 23 of the Oklahoma Constitution or of 74 O.S. 1409 [74-1409] (1971), cannot be determined prior to such a situation actually arising. (James R. Barnett) ** SEE: OPINION NO. 87-008 (1987) **